**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**LARENZO LEE FEASTER,**

**Plaintiff,**

**v.** **Case No. 4:26-cv-301-TKW-MJF**

**MURPHY, et al.,**

**Defendants.**
_________________________________/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 9). Plaintiff did not file objections to the R&R, but he did file a letter (Doc. 10)[1] asking that he be given "1 more chance to fill out the 1983 form" and that he be allowed to "re-fil[e] [his] 1983."

Upon due consideration of the R&R and the case file, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1307–08 (11th Cir. 2025). The dismissal is "without prejudice," which means that Plaintiff can reassert the claims in this case in a new complaint under a new case number—assuming the statute of limitations has not run.

[1] The Clerk docketed the motion as a "Motion to Extend Time."

On the latter point, the Court did not overlook the possibility that Plaintiff was requesting in his letter that he be allowed to file a second amended complaint under this case number. However, if that is what Plaintiff was requesting, that relief would have been denied because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent"). Thus, the Court will construe Plaintiff's letter to be requesting that the case be dismissed without prejudice (rather than with prejudice) so Plaintiff can reassert the claims in the complaint in a new case.[2]

Accordingly, it is ORDERED that:

1. The R&R is adopted and incorporated by reference into this Order.

2. This case is DISMISSED without prejudice based on Plaintiff's failure to truthfully disclose his litigation history.

[2] If Plaintiff re-files the claims in a new complaint under a new case number, he will need to use the civil rights complaint form and disclose all of his prior cases—including this case, the cases that he failed to list in this case, and any others that he may have filed.

3. The Clerk shall terminate Plaintiff's letter (Doc. 10) as moot based on the disposition in this Order.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 30th day of October, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**